UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY SOLEK, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF EMILY VICTORIA SOLEK,
DECEASED, AMY SOLEK and BRENT
SOLEK, INDIVIDUALLY,

Plaintiffs,

v.

K & B TRANSPORTATION, INC., an
Iowa corporation, BROCK
ACKERMAN, KORY ACKERMAN,
and JOHNNY STEWART,

Defendants.
_____/

Case No. 21-cv-10442

Paul D. Borman
United States District Judge

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f) (ECF NO. 27)**

On May 21, 2021, Defendants K & B Transportation, Inc., Brock Ackerman, Kory Ackerman, and Johnny Stewart filed a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (ECF No. 27). Defendants move to strike certain portions of Plaintiffs' First Amended Complaint. The motion has been fully briefed. The Court has determined that oral argument is not necessary for proper resolution of this motion and will resolve the matter on the parties' written submissions. E.D. Mich. L. R. 7.1(f)(2).

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court "has wide discretion to strike 'redundant, immaterial, impertinent, or scandalous' material from a pleading." *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 107 F. Supp. 3d 772, 801 (E.D. Mich. 2015). However, "because of the practical difficulty of deciding cases without a factual record[,] it is well-established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted); *see also Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

Upon consideration of the motion and all of the briefing, the Court finds that Defendants' motion should be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court **GRANTS** Defendants' motion to strike the allegations in paragraph numbers 6 and 103 of Plaintiffs' First Amended Complaint relating to Defendant Stewart's alleged possession of child pornography. These allegations are not relevant to any conduct or claims at issue in this case, but rather appear to be included only to inflame the factfinder. *See Allstate Ins. Co. v. OMIC, LLC*, No. 17-13908, 2018 WL 8806551, at *5 (E.D. Mich. Sept. 24, 2018) (striking allegations

included only to "inflame a factfinder and shed negative light on [the defendant's] character"); *State Farm*, 107 F. Supp. 3d at 801 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that 'detracts from the dignity of the court.'") (citation omitted). These allegations are immaterial and impertinent to this case, and scandalous, and therefore are **STRICKEN**.

The Court otherwise **DENIES** Defendants' motion to strike as to Defendants' remaining arguments relating to the amounts of insurance coverage and the financial status of Defendants, and prior collisions, lawsuits and settlements. At this stage of the litigation, resolving such evidentiary disputes would be premature. *See Holder v. Enbridge Energy, L.P.*, No. 1:10-CV-752, 2011 WL 3878876, at *5 (W.D. Mich. Sept. 2, 2011) (denying motion to strike and finding that "resolving evidentiary disputes at this stage of the litigation would be premature and that such matters are best resolved in a motion in limine.") (citations omitted).

Finally, the Court **ORDERS** that Plaintiffs' First Amended Complaint shall not be read to the jury.

IT IS SO ORDERED.

                                                    s/Paul D. Borman
                                                    Paul D. Borman
                                                    United States District Judge

Dated: September 10, 2021