UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY SOLEK, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF EMILY VICTORIA SOLEK,
DECEASED, AMY SOLEK and BRENT
SOLEK, INDIVIDUALLY,

Case No. 21-cv-10442

Paul D. Borman
United States District Judge

        Plaintiffs,

v.

K & B TRANSPORTATION, INC.,
an Iowa corporation, and
JOHNNY STEWART,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENA TO HARCO NATIONAL INSURANCE CO. (ECF NO. 45) AND AWARDING COSTS PURSUANT TO 28 U.S.C. § 1927

This lawsuit arises out of a motor vehicle collision that occurred on June 19, 2020, involving Defendant Johnny Stewart, a truck driver employed by Defendant K&B Transportation, Inc., and Emily Solek. As a result of that motor vehicle collision, Plaintiffs Amy Solek, Personal Representative of the Estate of Emily Victoria Solek, deceased, and Amy Solek and Brent Solek, individually (collectively, "Plaintiffs") filed the instant lawsuit against Defendants under theories of negligence and negligent infliction of emotional distress.

On October 22, 2021, Plaintiffs provided notice to Defendants that Plaintiffs intended to effectuate service of a discovery subpoena on third-party Harco National Insurance Co. ("Harco") on or after October 29, 2021 pursuant to Fed. R. Civ. P. 45. (ECF No. 45-1, Subpoena.) Plaintiffs' subpoena to Harco seeks the production, on or before October 29, 2021 at 2:30 p.m., of: "all records regarding insurance quotes for and provided to KB (sic) from 2012 forward. Include but do not limit the production of documents to all correspondence relating to the cancellation of coverage, the declination of offering insurance or a change of carriers from Harco." (*Id.*)

On October 28, 2021, Defendants filed the instant Motion to Quash Subpoena to Harco National Insurance Co. (ECF No. 45, Defs.' Mot.)[1] Defendants argue that Plaintiff's subpoena to Harco seeks information that is of a personal or proprietary interest to Defendants, and that is overbroad and unreasonable in its scope, seeking nearly a decade of "all records regarding insurance quotes." Defendants further

---

[1] Although "a party generally 'has no standing to seek to quash a subpoena directed to a non-party,'" the Court concludes that Defendants here have standing to bring this motion, as standing is conferred if the party can "demonstrate a personal interest or claim of privilege" in the subpoenaed documents. *Systems Prods. & Sols., Inc. v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) (quoting *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008)). Defendants have demonstrated that the documents, communications and records sought likely contain information, data and representations regarding the operations of K&B that are either personal or proprietary to K&B.

2

argue that the subpoena, on its face, violates Fed. R. Civ. P. 45(d)(A)(i) because it requires compliance the same date or prior to the date on which it may be served – October 29, 2021 – and thus compliance is essentially impossible and Defendants would be denied the opportunity to fully investigate any issues related to privilege, trade secrets, or any other applicable bars to production.

Federal Rule of Civil Procedure 45 governs subpoenas and allows a district court, on proper motion, to quash a subpoena for documents or testimony. The decision to quash a subpoena is within the sound discretion of the district court. *Thomas v. City of Cleveland,* 57 F. App'x 652, 654 (6th Cir.2003). The Rule provides in relevant part that the issuing court *must* quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business ...;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). Federal Rule of Civil Procedure 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45. *Systems Prod. and Solutions, Inc., v. Scramlin,* No. 13 cv-14947, 2014 WL 3894385, at *9 (E. D. Mich. Aug.8,

2014). The Rule allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

Upon consideration of Defendants' Motion, and the Subpoena to Harco National Insurance Company, the Court finds that Defendants' Motion must be **GRANTED**.

The subpoena to Harco, on its face, violates Rule 45 because it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). The subpoena requires compliance the same date that it is can be served – October 29, 2021, rendering compliance with the subpoena essentially impossible. In addition, the subpoena to a non-party should require return of the documents to the Court, and not Plaintiffs' counsel's office, in order to allow the non-party to respond and to allow Defendants an opportunity to review any documents for privilege, trade secrets, or other applicable bars to production. Therefore, the subpoena to Harco must be quashed, and Harco is not required to respond to the subpoena.

Finally, the Court finds that Plaintiffs have unreasonably and vexatiously increased the costs in this litigation in violation of 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The purpose of § 1927 "is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Sanctions under this provision "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.* (citations omitted). Sanctions under the statute are appropriate when "an attorney ... intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* The Sixth Circuit provided further that "sanctions are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.' " *Id.* (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)). A district court has the discretion to impose § 1927 sanctions *sua sponte*. *See Dixon v. Clem*, 492 F.3d 665, 676-79 (6th Cir. 2007).

The Court finds that Plaintiffs' counsel's actions with regard to the facially improper subpoena to Harco at issue has unreasonably and vexatiously multiplied the proceedings and needlessly increased the cost of litigation, and accordingly awards costs to Defendants in the amount of the costs/time necessary to respond to this wholly improper third party subpoena. Defendants shall file a bill of costs for

5

such time on or before **Friday, November 12, 2021.**

IT IS SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: October 29, 2021