UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY SOLEK, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF EMILY VICTORIA SOLEK,
DECEASED, AMY SOLEK and BRENT
SOLEK, INDIVIDUALLY,

Case No. 21-cv-10442

Paul D. Borman
United States District Judge

        Plaintiffs,

v.

K & B TRANSPORTATION, INC.,
an Iowa corporation, and
JOHNNY STEWART,

        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 7.1(h) (ECF NO. 48) AND AWARDING $50.00 IN COSTS TO DEFENDANT PURSUANT TO 28 U.S.C. § 1927

On October 29, 2021, the Court issued an Order Granting Defendants' Motion to Quash Subpoena to Harco National Insurance Co. (ECF No. 45) and Awarding Costs Pursuant to 28 U.S.C. § 1927. (ECF No. 45, Order.) Now before the Court is Plaintiffs' Motion for Reconsideration of that Order Pursuant to Local Rule 7.1(h) (ECF No. 48, Pls.' Mot.), to which Defendants have responded (ECF No. 51, Defs.' Resp.), as ordered by the Court. After reviewing the motion and the response, the

Court finds that none of the arguments in Plaintiffs' motion clears the high bar for granting reconsideration, and therefore denies Plaintiffs' motion for reconsideration.

Local Rule 7.1 allows a party to file a motion for reconsideration. E.D. Mich. L.R. § 7.1(h)(3).[1] A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *See MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Whitehouse Condo. Grp., LLC v. Cincinnati Ins. Co.*, 959 F. Supp. 2d 1024, 1031 (E.D. Mich. 2013).

On October 22, 2021, Plaintiffs provided notice to Defendants that Plaintiffs intended to effectuate service of a discovery subpoena on third-party Harco National Insurance Co. ("Harco") on or after October 29, 2021 pursuant to Fed. R. Civ. P. 45. (ECF No. 45-1, Subpoena (emphasis added).) Plaintiffs' subpoena to Harco seeks the production, on or before October 29, 2021 at 2:30 p.m., of: "all records regarding insurance quotes for and provided to KB (sic) from 2012 forward. Include but do

---

[1] The Eastern District of Michigan amended its local rules effective December 1, 2021. The Court will follow the version of the local rules that applied when Plaintiffs filed their motion.

not limit the production of documents to all correspondence relating to the cancellation of coverage, the declination of offering insurance or a change of carriers from Harco." (*Id.* (emphasis added).) The subpoena also required Harco to deliver the documents to Plaintiffs' counsel's office. (*Id.*)

Six days later, on October 28, 2021, Defendants filed their Motion to Quash Subpoena to Harco National Insurance Co. (ECF No. 45, Defs.' Mot.) Defendants argued that the subpoena, on its face, violates Fed. R. Civ. P. 45(d)(A)(i) because it requires compliance the same date or prior to the date on which it can be served – October 29, 2021 – and thus compliance is essentially impossible, and Defendants and the subpoenaed party would be denied the opportunity to fully investigate any issues related to privilege, trade secrets, or any other applicable bars to production. Defendants further argued that Plaintiff's subpoena to Harco seeks information that is of a personal or proprietary interest to Defendants, and that is overbroad and unreasonable in its scope, seeking nearly a decade of "all records regarding insurance quotes."

Because the subpoena to Harco was facially-deficient and "fail[ed] to allow a reasonable time to comply" in that it required compliance by Harco on the same date that it could be served with the subpoena, and because of the imminent timing implications, the Court quashed the subpoena. (Order at p. 4, PageID.1463.) Rule 45 of the Federal Rules of Civil Procedure provides that the court "must quash" a

3

subpoena that "fails to allow a reasonable time to comply[.]" Fed. R. Civ. P. 45(d)(3)(A)(i).

The Court did not otherwise rule on Defendants' arguments regarding the relevance and scope of the documents sought in the subpoena.

Plaintiff complains that the date on the subpoena was a "typographical error" or a "clerical mistake" that "would have [been] corrected." (Pls.' Mot. at p. 9. PageID.1489.) However, Plaintiffs had six days to correct this error between the time they served the notice of the subpoena on Defendants and the filing of Defendants' motion to quash, but they did not do so. Defendants represent in their response to Plaintiffs' motion for reconsideration that "at no point did Plaintiffs' counsel ever indicate to Defendants that Plaintiffs would be revising, amending, or otherwise changing their subpoena to Harco prior to service on Harco," and further that "Plaintiffs' counsel would not provide concurrence in Defendants' Motion to Quash," which included the subpoena issue. (Defs.' Resp. at p. 2, PageID.1561 (emphasis omitted).)

Based on the above, the Court finds that Plaintiffs have failed to demonstrate any palpable error by which the Court or the parties were misled, and denies Plaintiffs' motion for reconsideration of the Court's Order quashing the subpoena to Harco.

The Court reiterates that it did not rule on Defendants' remaining arguments raised in their Motion to Quash related to the relevance and scope of the documents sought in the subpoena. If Plaintiffs seek to reissue a proper subpoena to Harco, and Defendants' object, Defendants may raise any arguments as to the production of the documents sought.[2]

The Court also found, in its Order, that Plaintiffs' counsel's actions, and inaction, with regard to the facially improper subpoena to Harco has unreasonably and vexatiously multiplied the proceedings and needlessly increased the cost of litigation, and awarded costs to Defendants. Defendants had specifically argued in their motion to quash, in part, that the subpoena to Harco should be quashed because of the clear facial-invalidity of the subpoena, to which Defendants responded. Accordingly, the Court orders Plaintiffs to pay costs to Defendants in the amount of $50.00.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: December 15, 2021

---

[2] Plaintiffs are reminded that the subpoena should permit return of the documents to the Court in order to allow the third party to raise any issues regarding the production of documents and to allow Defendants to review such documents for privilege, trade secrets, or other sensitive information.