UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY SOLEK, PERSONAL REPRESENTATIVE OF THE ESTATE OF EMILY VICTORIA SOLEK, DECEASED, AMY SOLEK and BRENT SOLEK, INDIVIDUALLY,

Plaintiffs,

Case No. 21-cv-10442

Paul D. Borman
United States District Judge

v.

K & B TRANSPORTATION, INC., an Iowa corporation, and JOHNNY STEWART,

Defendants.
_________________________________/

**OPINION AND ORDER:**
**(1) GRANTING PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, ADDING RELATED PARTY DEFENDANT (ECF NO. 53)**
**(2) BUT DENYING PLAINITFFS LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT AT ECF NO. 55-2, AND**
**(3) STRIKING THE PROPOSED SECOND AMENDED COMPLAINTS AT ECF NOS. 53-2 AND 55-2**

This case arises from a tragic automobile accident that resulted in the death of 21-year-old University of Michigan student Emily Solek when the vehicle she was driving was struck from behind by a semi-truck. Ms. Solek's parents, individually and as the personal representative of the Estate of Emily Solek, filed this wrongful death suit against the driver of the semi-truck that struck Ms. Solek's

vehicle, as well as the owner of the truck (and the driver's alleged employer), and two individual officers of the company. Plaintiffs' claims against the individual officer defendants have since been dismissed, as has Plaintiffs' intentional infliction of emotional distress claim.

Now before the Court is Plaintiffs' Amended Motion for Leave to File Second Amended Complaint, Adding Related Party Defendant (ECF No. 53), which has been fully briefed. The Court does not believe that oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons that follow, the Court GRANTS Plaintiffs leave to file a second amended complaint adding Western Livestock Express, Inc. as a party defendant, subject to this Order, but DENIES Plaintiffs leave to file the proposed second amended complaint at ECF No. 55-2. The Court further strikes the proposed second amended complaints at ECF Nos. 53-2 and 55-2.

## I. BACKGROUND

On June 19, 2020, Emily Solek, a 21-year-old student at the University of Michigan, was killed in a motor vehicle accident when Defendant Johnny Stewart, driving a semi-truck owned by Defendant K&B Transportation, Inc., drove at or near full speed into the rear of Emily's stopped vehicle, a 2017 Jeep Cherokee.

On February 26, 2021, Emily Solek's parents, individually and as the personal representative of the Estate of Emily Solek, filed this wrongful death suit against Johnny Stewart, K&B Transportation, Inc., Brock Ackerman, and Kory Ackerman. (ECF No. 1.) Plaintiffs filed an Amended Complaint on May 7, 2021, against the same Defendants. (ECF No. 21.)

On September 10, 2021, the Court entered an Order granting in part and denying in part Defendants' motion to strike certain portions of Plaintiffs' First Amended Complaint. (ECF No. 39.) The Court ordered that the allegations in the complaint relating to Defendant Johnny Stewart's alleged possession of child pornography be stricken, and ordered that Plaintiffs' First Amended Complaint not be read to the jury. (*Id.*)

On September 21, 2021, the Court entered an Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. (ECF No. 40.) The Court dismissed Plaintiffs' claims against defendants Brock Ackerman and Kory Ackerman, and also dismissed Plaintiffs' intentional infliction of emotional distress claim in Count III. (ECF No. 40.)

In Plaintiffs' First Amended Complaint, they allege that Defendant Johnny Stewart is an employee of Defendant K&B Transportation, "acting during the course of, and within the scope of his employment with K&B." (ECF No. 21, FAC ¶ 46.)

In Defendants' Answer to Plaintiffs' FAC, Defendants deny this allegation. (ECF No. 42, Defs.' Answer, ¶ 46.)

Plaintiffs now claim that documents Defendants produced in discovery, namely Stewart's payroll records, reveal that Stewart was employed by a company called Western Livestock Express, Inc. at the time of the accident. (ECF No. 53, Pls.' Mot. Amend at p. 2, PageID.1576, citing Ex. 2, Payroll Records of Johnny Stewart, PageID.1609.) Plaintiffs assert that Western Livestock Express, Inc. is an Iowa corporation, with its corporate office located at 4700 Dakota Ave., South Sioux City, NE (the same address as Defendant K&B Transportation). (*Id.* citing Ex. 3, Western Livestock Express, Inc. corporate details, PageID.1610-11.) Brock Ackerman is listed as Western Livestock Express, Inc.'s registered agent, secretary, treasurer, and director, and Kory Ackerman is its President. (*Id.*) Plaintiffs further assert that Western Livestock Express, Inc. is listed as an "additional insured" on the commercial auto insurance policy issued to Defendant K&B. (*Id.* at p. 3, PageID.1577.)

Plaintiffs argue that Western Livestock Express, Inc., as Stewart's employer, is vicariously liable for Stewart's negligent act. Accordingly, Plaintiffs filed the instant motion seeking to amend their complaint to add Western Livestock Express, Inc. as a party Defendant. (*Id.*) Defendants oppose Plaintiffs' motion.

## II. LEGAL STANDARD

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. Fed. R. Civ. P. 15(a)(2). Defendants do not concur in Plaintiffs' motion, so it is within the Court's discretion whether to grant Plaintiffs' motion for leave to file an amended complaint.

Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are: (1) the delay in filing the motion; (2) the lack of notice to the other party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of the amendment. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

## III. ANALYSIS

Plaintiffs seek leave to amend their complaint to add Defendant Johnny Stewart's employer at the time of the accident, Western Livestock Express, Inc., as a party Defendant. (Pls.' Mot. Amend.) Defendants oppose Plaintiffs' motion, arguing that it would be futile to add Western Livestock as a named defendant, and that Plaintiffs' proposed Second Amended Complaint contains improper allegations, as well as parties and a claim that have been dismissed. (ECF No. 54, Defs.' Resp.)

### A. Adding Western Livestock Express, Inc. as a Party Defendant

Defendants argue that Plaintiffs' motion for leave to amend to add Western Livestock Express, Inc., the employer of the driver Johnny Stewart, as a defendant should be denied because such amendment would be futile. Defendants concede that "Western Livestock was the employer of Stewart at the time of the collision." (Defs.' Resp. at p. 7, PageID.1627.) That is sufficient to permit amendment of the complaint to add Western Livestock Express as a defendant in this case.

Defendants go on to broadly assert, without any support, that "Stewart was driving under K&B's DOT authority at the time of the collision," that "Stewart was leased to K&B, and operated K&B equipment at the direction of K&B," and thus "Western Livestock owed no duty to the Plaintiffs relevant to this collision and frankly have no relation to this collision." (Defs.' Resp. at pp. 7-8, PageID.1627-

28.) Defendants summarily conclude that "there is no basis for Plaintiffs to add a claim of vicarious liability against Western Livestock[.]" (*Id.*) Defendants go as far as to suggest, in their Surreply brief, that Plaintiffs should just continue discovery with the existing parties "and should discovery reveal that Western Livestock had meaningful control over Stewart's actions or that there was no express or implied agreement to loan Stewart to K&B, this issue can be revisited." (Surreply at p. 6, pageID.1994.)

Defendants' conclusory, unsupported arguments opposing leave to amend to add Western Livestock Express, Inc. as a party defendant are meritless. Defendants have denied that K&B Transportation is Stewart's employer and concede that Western Livestock Express was Stewart's employer at the time of the accident, but want to bar Plaintiff from adding Western Livestock Express as a defendant, arguing that Western Express's and K&B's "control" over Stewart is an issue to be explored through discovery with the current defendants only. This makes no sense. What is futile is Defendants' opposition to adding Western Livestock Express, Inc. as a defendant. The Court will permit amendment of Plaintiff's complaint to add Western Livestock Express, Inc. as a defendant, subject to the restrictions stated in this Order.

### B. Improper Allegations and Dismissed Parties and Claim in Plaintiffs' Proposed Second Amended Complaint

Defendants further argue that Plaintiffs' motion for leave to amend should be denied because Plaintiffs' proposed Second Amended Complaint, attached as Exhibit 1 to Plaintiffs' motion to amend, violates this Court's prior orders. Defendants complain that the proposed complaint continues to include allegations and parties that were previously dismissed in the Court's Opinion and Order granting in part Defendants' motion to dismiss. Specifically, the proposed second amended complaint attached to Plaintiffs' motion at ECF No. 53-2 continues to assert claims against Brock and Kory Ackerman, and refer to those individuals as "Defendants" or "Co-Defendants" throughout the complaint, even though those two individuals have been dismissed. The proposed complaint also includes the intentional infliction of emotional distress claim in Count III, even though that claim has been dismissed. Defendants also complain that certain allegations against Defendant Johnny Stewart related to child pornography in paragraphs 6 and 108 of the FAC, which were previously stricken by the Court, are still included in the proposed Second Amended Complaint.

In response to Defendants' arguments, Plaintiffs submitted a *revised* proposed Second Amended Complaint as an exhibit to their Reply brief. (ECF No. 55-2,

Revised Proposed SAC.) Plaintiffs state that the Ackermans are no longer referred to as "defendants" in this revised proposed complaint, and that the references to child pornography are removed, as is the claim for intentional infliction of emotional distress.

Defendants argue in their Surreply brief that this revised complaint continues to contain improper allegations against the Brock and Kory Ackerman. (ECF No. 61.) Defendants specifically complain about allegations against the Ackermans in Paragraphs 2, 3, 4, 5, 7, 14, 15, 20, 21, 22, 23, 24, 25, 26, 28, 29, 32, 34, 35, 37, 40, 42, 43, 44, 54, 55, 57 and 62 of the revised complaint, which Defendants claim contain "knowingly false accusations against the non-party Ackermans for the sole purpose of harassing and intimidating them." (*Id.* at p. 4, PageID.1992.)

The Court finds that while Plaintiffs have properly removed the intentional infliction of emotional distress claim and the previously stricken allegations regarding Defendant Stewart from the revised proposed Second Amended Complaint at ECF No. 55-2, that revised proposed complaint remains unacceptable. It still improperly contains numerous allegations against Brock and/or Kory Ackerman throughout the complaint. Brock Ackerman and Kory Ackerman are no longer defendants in this action, and the allegations asserted against them Paragraphs 2, 3, 4, 5, 7, 20, 21, 22, 23, 24, 25, 26, 28, 29, 32, 34, 35, 37, 40, 42, 43, 44, 54, 55,

57 and 62 of the proposed revised complaint at ECF No. 55-2 may not be included in the Second Amended Complaint Plaintiffs will file with the Court. The Court finds that the allegations in paragraph 14 and 15 of that proposed revised complaint, which identify Brock and Kory Ackerman as officers and directors of K&B Transportation (and Western Livestock Express, Inc.), are permitted. Period! The Court cautions Plaintiffs to carefully scrutinize their Second Amended Complaint before filing it with the Court to ensure that it strictly complies with this Court's order.

The Court further orders that Plaintiffs' Second Amended Complaint must comply with Eastern District of Michigan Local Rule 5.1(a)(1)(3), which requires that the "type size of all text and footnotes must be no smaller than 10-1/2 characters per inch (non-proportional) or 14 point (proportional)." (emphasis added). Plaintiffs' proposed Second Amended Complaints at ECF Nos. 53-2 and 55-2 do not conform to this rule and will be stricken.

Finally, the Court notes that it has previously ordered that Plaintiffs' First Amended Complaint shall not be read to the jury. (ECF No. 39, at p. 3, PageID.1339.) The Court similarly orders that Plaintiffs' revised Second Amended Complaint will not be read to the jury.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion for leave to file a second amended complaint to add Western Livestock Express, Inc. as a defendant, but **DENIES** Plaintiffs leave to file the proposed second amended complaint at ECF No. 55-2.

The Court **ORDERS** Plaintiffs to remove the improper allegations against Brock Ackerman and/or Kory Ackerman contained in Paragraphs 2, 3, 4, 5, 7, 20, 21, 22, 23, 24, 25, 26, 28, 29, 32, 34, 35, 37, 40, 42, 43, 44, 54, 55, 57 and 62 of the proposed revised complaint at ECF No. 55-2, and cautions Plaintiffs to carefully scrutinize the Second Amended Complaint before filing to ensure it complies with the Court's Order and does not include any allegations against Brock Ackerman and/or Kory Ackerman, apart from those in paragraphs 14, and 15, as discussed *supra*.

The Court **FURTHER ORDERS** that Plaintiffs' Second Amended Complaint must comply with Eastern District of Michigan Local Rule 5.1(a)(1)(3), which requires that the "type size of all text and footnotes must be no smaller than 10-1/2 characters per inch (non-proportional) or 14 point (proportional)." (emphasis added). Plaintiffs' proposed Second Amended Complaints at ECF No. 53-2 and 55-2 do not conform to this rule and shall be **STRICKEN**.

The Court **FURTHER ORDERS** Plaintiffs' revised Second Amended Complaint will not be read to the jury.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: March 28, 2022