UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY SOLEK, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF EMILY VICTORIA SOLEK,
DECEASED, AMY SOLEK and BRENT
SOLEK, INDIVIDUALLY,

        Plaintiffs,

v.

K & B TRANSPORTATION, INC.,
an Iowa corporation, WESTERN
LIVESTOCK EXPRESS, INC., an Iowa
corporation, and JOHNNY STEWART,

        Defendants.
_____/

Case No. 21-cv-10442

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE WRONGFUL DEATH SETTLEMENT, FOR REIMBURSEMENT OF COSTS AND PAYMENT OF ATTORNEY FEES AND FOR APPROVAL OF DISTRIBUTION OF PROCEEDS (ECF NO. 107)

This case arises from a tragic automobile accident that resulted in the death of 21-year-old University of Michigan student Emily Solek when the vehicle she was driving was struck from behind by a semi-truck. Plaintiff Amy Solek, individually and as the personal representative of the Estate of Emily Victoria Solek, and Brent Solek, individually, filed this wrongful death suit against the driver of the

semi-truck that struck Emily Solek's vehicle, as well as the owner of the truck and the driver's alleged employer.

Now before the Court is Plaintiffs' Motion to Approve Wrongful Death Settlement, for Reimbursement of Costs and Payment of Attorney Fees, and for Approval of Distribution of Proceeds (ECF No. 107). The motion is unopposed. The Court held a hearing on Plaintiffs' motion on Wednesday, December 7, 2022, at which Plaintiffs Amy and Brent Solek appeared and testified.

For the reasons set forth below, the Court GRANTS Plaintiffs' motion and APPROVES the parties' settlement.

## I. BACKGROUND

On June 19, 2020, Emily Solek, a 21-year-old student at the University of Michigan, was killed in a motor vehicle accident when Defendant Johnny Stewart, driving a semi-truck owned by Defendant K&B Transportation, Inc., drove at or near full speed into the rear of Emily Solek's stopped vehicle, a 2017 Jeep Cherokee.

Following extensive litigation, the parties reached a confidential settlement of all claims in this Michigan wrongful death action, and on November 14, 2022, Plaintiffs filed the instant Motion to Approve Wrongful Death Settlement, for Reimbursement of Costs and Payment of Attorney Fees, and for Approval of Distribution of Proceeds. (ECF No. 107.) Defendants did not file a response.

2

## II.  LEGAL STANDARD

The approval and distribution of the settlement proceeds in this action is governed by Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922. *See Lewis v. Charter Twp. of Flint*, 767 F. App'x 591, 594 (6th Cir. 2019) (citing *Robinson v. Fiedler*, 870 F. Supp. 193, 195 (W.D. Mich. 1994), *aff'd*, 91 F.3d 144 at *3 (6th Cir. 1996) (Table Case) (holding that district court had jurisdiction to approve or reject a wrongful death settlement agreement and to distribute proceeds under Mich. Comp. Laws § 600.2922(5)-(9)); *Brereton v. United States*, 973 F. Supp. 752, 755 (E.D. Mich. 1997) ("Wrongful death recoveries in Michigan derive solely from [the Michigan Wrongful Death Act] statute."). Under the statute, "the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances." Mich. Comp. Laws. § 600.2922(6).

There are three categories of damages available: (1) "reasonable medical, hospital, funeral, and burial expenses for which the estate is liable;" (2) "reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death;" and (3) "damages for the loss of financial support and the loss of the society and companionship of the deceased." *Id.* Thus, the third category, which is at issue in this case, "embrace[s] only losses incurred by a decedent's estate or survivors."

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 599 (6th Cir. 2006) (applying Michigan law). Wrongful-death damages for loss of society and companionship compensate survivors "for the destruction of family relationships that results when one family member dies." *McTaggart v. Lindsey*, 202 Mich. App. 612, 616 (1993) (citing *Crystal v. Hubbard*, 414 Mich. 297, 326 (1982)).

Under the Michigan Wrongful Death Act, the personal representative of the estate – in this case, Plaintiff Amy Solek – must seek approval of any proposed settlement, and the Court must conduct a hearing to approve or reject it. Mich. Comp. Laws § 600.2922(5). Unless waived, notice of the hearing on the settlement and distribution shall be served upon all persons entitled to claim damages, as those persons are defined in the statute. Mich. Comp. Laws § 600.2922(6)(b).

If the settlement agreement is approved, the Court must also approve the distribution of the settlement funds, which includes the payment of certain expenses. Mich. Comp. Laws § 600.2922(6)(d). These expenses may include the costs of bringing the litigation. *See Robinson*, 870 F. Supp. at 194-95, 201; *Estate of Fahner ex rel. Fahner v. Wayne Cnty.*, Case No. 08-cv-14344, 2014 WL 2511666 at *4 (E.D. Mich. June 4, 2014). In making the determination as to the distribution of settlement proceeds, the Court shall consider what is "fair and equitable, under all the circumstances." Mich. Comp. Laws § 600.2922(6).

## III.  ANALYSIS

Plaintiffs represent that the parties in this case have reached a settlement of all claims against all Defendants for a confidential amount. Plaintiffs have provided the Court with a confidential exhibit that outlines the proposed settlement, incurred costs, attorney fees, and proposed distribution to the heirs.

Plaintiffs contend that Amy Solek, the personal representative of the Estate of Emily Solek, believes the settlement is in the best interests of the Estate to settle the Estate's claims for the amounts stated. At the December 7, 2022 hearing, Amy and Brent Solek appeared and provided sworn testimony that they have been informed of the settlement negotiations, that they understand the risks and potential rewards of continuing the litigation, that they freely and voluntarily authorize the settlement in this case, and that they are satisfied that the settlement terms were fair and reasonable under the circumstances and in the best interest of Plaintiffs.

Plaintiffs' Motion also lists the class of heirs under the Michigan Wrongful Death Act who are entitled to make a claim against the wrongful death recovery by the Estate (in this case, Emily Solek's parents, her siblings, and her grandparents). Mich. Comp. Laws § 600.2922(3). Each heir has been given notice as required by the statute, and all have filed notarized notices advising that they had received a copy of the motion to approve the settlement; that they consented to the proposed

distribution of proceeds; and that they waived their right to attend the hearing. (ECF Nos. 107-2, 109.)

In addition to the distribution payments to the parents and sisters of Emily Solek, the proposed distribution authorizes the payment of certain expenses and attorney fees incurred by Plaintiffs' counsel, pursuant to the Contingent Fee Agreement between Plaintiffs and Plaintiffs' counsel. The Court finds, upon review of the confidential documents submitted to the Court, that the itemized expenses were necessarily incurred in the investigation and litigation of this action, that they are fair and reasonable, and that the one-third of the net proceeds contingency fee award, as set forth in the Contingent Fee Agreement, is reasonable and proper. Amy and Brent Solek testified at the December 7, 2022 hearing that they approve both the attorney fees and the costs as reasonably incurred in pursuing this litigation.

Having reviewed Plaintiffs' motion and the confidential exhibits submitted to the Court, and hearing arguments and testimony at the December 7, 2022 hearing, the Court finds that the settlement amount is a fair and equitable resolution of the litigation, and therefore **GRANTS** Plaintiffs' motion and **APPROVES** the settlement and proposed distribution of the funds as requested.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion to Approve Wrongful Death Settlement, for Reimbursement of Costs and Payment of Attorney Fees, and for Approval of Distribution of Proceeds (ECF No. 107).

**IT IS ORDERED** that the Settlement is fair and just under the circumstances;

**IT IS FURTHER ORDERED** that all heirs as recognized by the Michigan Wrongful Death Act, having been given notice and consenting to the proposed distribution, have all claims arising from this matter extinguished with prejudice;

**IT IS FURTHER ORDERED** that reimbursement to Lipton Law, for expended costs and incurred attorney fees, as disclosed and itemized in the confidential exhibits to the motion, are hereby approved as reasonable and necessary for this cause on behalf of the Estate and may be immediately disbursed;

**IT IS FURTHER ORDERED** that the net proceeds of the settlement are to be distributed as set forth in the Confidential Release, Indemnity, and Settlement Agreement, and its Exhibits, which have been approved by the Court; and

**IT IS FURTHER ORDERED** that the net proceeds of the settlement are solely for damages on account of personal injury or sickness in a case involving physical injury within the meaning of Section 104 and 130(c) of the Internal Revenue Code.

IT IS SO ORDERED.

                                                          s/Paul D. Borman  
                                                          Paul D. Borman  
                                                          United States District Judge

Dated: December 8, 2022